EDWARD F. MERREY, PROSECUTOR, v. THE BOARD OF EDUCATION OF THE CITY OF PATERSON, IN THE COUNTY OF PASSAIC, AND RANDAL B. LEWIS, RESPONDENTS.

Argued May 6, 1924—Decided September 29, 1924.

The School act of 1903 (*Pamph L.*, *p.* 14) constitutes each board of education of a city school district a body corporate, with the right to sue and be sued by its corporate name, and such boards are not mere departments of the city government; therefore, such boards are not dependent upon the regular city attorney or counsel to act for it in litigation, but may employ their own counsel for such purpose.

On *certiorari.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Edward F. Merrey.*

For the respondents, *Randal B. Lewis.*

The opinion of the court was delivered by

CAMPBELL, J.   This writ brings up for review a resolution of the board of education of the city of Paterson engaging Randal B. Lewis as special counsel to represent it in certain specifically enumerated matters for reinstatement of teachers, &c., and authorizing him to act as the attorney and counsel of said board before the state commissioner of education, the state board of education and any court or judge before whom such proceeding may come.

The validity of the resolution is attacked for the following reasons:

1. The board of education of the city of Paterson is not a separate municipal corporation, but is a board or department of the city.

2. The city counsel and city attorney of the city of Paterson are the law officers of the board of education whether or not it be a separate municipal corporation.

3. The resolution under review is invalid.

These seasons may be considered and decided together. The sole question is: Is the board of education a corporate entity, separate from the city of Paterson, or is it merely a department of the city government? Prosecutor contends that it is the latter. If such contention is well founded, then the resolution is beyond the power of the board of education, particularly if the purpose and effect thereof is to withdraw from and take out of the hands of the city counsel and city attorney any particular case or class of cases and confide their management to others. Under such conditions and circumstances the situation would be identical with and controlled by *Hoxsey* v. *Paterson*, 40 *N. J. L.* 186.

But we think this contention is not well founded, but that, on the contrary, the board of education is a corporate entity separate and distinct from the corporation of the city of Paterson.

It is true that the members of the city boards of education are appointed by the mayor instead of being elected as in districts other than city districts; that the moneys to be appropriated and raised for school purposes are determined by a board of school estimate, composed of two members of the board of education, two members of the city governing body and the mayor, and that bonds to raise moneys to finance the erection of school buildings are made the obligations of the city rather than that of the school district, yet section 32 (*Pamph. L.* 1903, *p.* 14; *Comp. Stat., p.* 4733) provides: "Each township, city, incorporated town and borough shall be a separate school district    *    *    *.*"

Section 45 of the same act provides: "A board of education in a city school district shall be a body corporate and shall be known as and called 'the board of education of ........, in the county of ........,' and shall adopt an official seal."

Section 47, also of the same act, under the title "city school districts," provides: "Such boards shall, in and by its corporate name, sue and be sued, purchase, receive, hold, &c., property, real and personal, take and condemn lands for

school purposes, &c." Section 48 provides for city school districts succeeding to all property, &c., theretofore vested in, or possessed by, any board of education, school commissioners or other body previously having charge or control thereof, and section 49 provides for the vesting of title to all properties in such city boards.

The undoubted legislative intention, purpose and design, clearly expressed, seems to be that the city school districts shall be separate and distinct corporate entities.

Section 94 of the School act of 1903, *supra,* relating to district boards of education of townships, incorporated towns and boroughs, authorizes the employment of counsel by such boards, and it may be urged that the lack of such specific authority to city boards indicates an intent on the part of the legislature that such authority is to be withheld from such boards.

But we think this cannot be successfully contended for in the face of the authority to sue and the liability of being sued, which naturally and reasonably imply the right of employing counsel to prosecute and defend, and in the fact of the positive legislative intention to make such boards separate and distinct bodies corporate as hereinbefore stated.

The writ of *certiorari* should be dismissed, with costs.